**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THREE FORKS RANCH CORP., a
Wyoming corporation,

     Plaintiff - Appellant,

v.

CITY OF CHEYENNE, WYOMING,
actually named as "The City of Cheyenne,
Wyoming"; BOARD OF PUBLIC
UTILITIES, for the City of Cheyenne,
Wyoming; PATRICK T. TYRRELL, in
his capacity as The Wyoming State
Engineer; WYOMING WATER
DEVELOPMENT COMMISSION,

     Defendants - Appellees,

STATE OF COLORADO; STATE OF
UTAH; STATE OF NEW MEXICO;
UPPER COLORADO RIVER
COMMISSION; COLORADO RIVER
WATER CONSERVATION DISTRICT,

     Amici Curiae.

No. 03-1133
(D.C. No. 02-D-398 (MJW))
(District of Colorado)

**ORDER AND JUDGMENT**[*]

---

    [*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Before **TYMKOVICH**, **McWILLIAMS**, and **PORFILIO**, Circuit Judges.

Three Forks Ranch Corporation (Ranch) appeals the dismissal of its complaint for damages and injunctive relief from the City of Cheyenne, Wyoming; its Board of Public Utilities; the Wyoming State Engineer; and the Wyoming Water Development Commission (Wyoming defendants). The complaint alleged the Wyoming defendants violated the Upper Colorado River Basin Compact (Compact) by planning to divert more water from the Little Snake River Basin for the City's municipal water supply. The district court concluded there are several grounds upon which the complaint must be dismissed, but we believe one predominates.

We do not disparage any of the district court's conclusions on the remaining issues raised by the Ranch; however, whether the Compact provides a remedy personal to the Ranch is such a fundamental question, we need not reach those other issues. Our answer to the primal question renders them moot. Because the Compact establishes no private right of action, the Ranch's attempt to use it to enforce the Ranch's Colorado water rights against the Wyoming defendants is without foundation. Dismissal on this ground was proper, and we affirm.

The Ranch, a Wyoming corporation, owns Colorado water rights and land in Routt County, Colorado. It claims to be "the first Colorado property downstream" from City Exchange Project diversions of water from the North Fork of the Little Snake River and

its Wyoming tributaries. The North Fork of the Little Snake River (River) arises just west of the Continental Divide in Wyoming and flows south across the Wyoming-Colorado line converging with the Middle and South Forks of the Little Snake River on the Ranch. The mainstem of the River then "meanders" back and forth across the Colorado-Wyoming line before turning south to join the Yampa River, a tributary of the Colorado River.

At the time the complaint was filed, the City, having completed Stage I and Stage II of water supply projects authorized by the Wyoming legislature, was about to begin a Stage III diversion. The project, like the first two Stages, represents a trans-basin diversion designed to increase storage and availability of water to various Wyoming counties. The Ranch, contending Stage III would cause injury to its water rights and land, filed this action in the United States District Court for the District of Colorado, invoking federal question jurisdiction under Article XI of the Compact.

Alleging the Exchange Projects took water from the River, making less available to the downstream water rights it owned, the Ranch sought injunctive relief against the Wyoming defendants to prevent further diversions or, alternatively, to limit present diversions to the City based on beneficial use.[1] Thus, the Ranch wanted to enjoin the City until it builds storage facilities to protect the River from injury. The Ranch also wanted

---

[1] Notably, Article XI of the Compact does not prevent out-of-basin diversions but requires Wyoming to protect in-basin users from injury caused by diversions.

additional declarations pertaining to the Compact and requiring specific actions by the State Engineer and the Board plus an award of costs, fees, and interest.

As the City has pointed out, however, the Ranch did not contend it had "been deprived of any water to which it was entitled by virtue of its Colorado water rights." Indeed, the City continues, the Ranch did not disclose its water rights are junior to the City's with a priority date of 2000, making those rights "nearly worthless in dry years." Moreover, the Ranch did not allege that *Colorado* had been deprived of water by the alleged violations. It only pursued its personal vindication of a perceived injury.

The Compact, adopted in 1948, apportions water rights among the signatories and establishes obligations on the signatory states, Arizona, Colorado, New Mexico, Utah, and Wyoming. Article XI equally apportions River water between Colorado and Wyoming; and Article X is a promise by each state not to interfere with any signatory's right to regulate appropriations within its boundaries.

Because the existence of a right of action is so fundamental to the viability of this case and the questions it presents, we believe it must be established before consideration of any other issue. This conclusion does not, however, denigrate the wisdom and caution displayed by the district court in ruling upon the remaining issues.

The district court's conclusion that there is no implied private right of action under the Compact was based correctly on four factors: (1) whether plaintiff is one of the class for whose *special* benefit the statute was enacted; (2) whether there was any legislative intent, explicit or implicit, to create or deny a remedy; (3) whether a private right of

- 4 -

action is consistent with the underlying legislative scheme to imply such a remedy for plaintiff; and (4) whether the cause of action is traditionally one of state law, making it inappropriate to infer a federal cause of action. *California v. Sierra Club*, 451 U.S. 287, 293 (1981); *Cort v. Ash*, 422 U.S. 66, 78 (1975). Only the fourth factor - the tradition of state law in the resolution of issues involving state granted water rights - can be answered affirmatively here. Indeed, the district court found not only is there nothing in the Compact to support the private right of action claim; but also, and more importantly, the Compact creates no *express* right of action, *even for the signatory states*. Moreover, the Compact creates no water rights. It only provides for required water deliveries. *United States v. City of Las Cruces*, 289 F.3d 1170, 1185 (10th Cir. 2002).

In reaching this result, the court rejected the Ranch's assertion *Hinderlider v. La Plata River & Cherry Creek Ditch Co.*, 304 U.S. 92 (1938), controls the outcome here. As the district court perceived, that case is entirely inapposite.

The only similarity between *Hinderlider* and this case is that they both involve water. Otherwise, there is nothing we can learn from the case. Indeed, we have already refused to extend its "federal common law" doctrine to cases like the present matter which do not involve "equitable apportionment disputes *between two states*." *City of Las Cruces,* 289 F.3d at 1185 (emphasis added). This conclusion, of course, also makes inapposite the remaining authority relied upon by the Ranch. In this circuit, no "federal common law" theory, regardless of its foundation, can be asserted under an interstate

water compact except by a compact's signatories. *Id*. The Ranch simply does not qualify.

To negate that conclusion, the Ranch contends Article XI makes it a third-party beneficiary by "protect[ing] a particular class of persons (i.e. water users) in a specific geographic region (the Little Snake River Basin), and was inserted at the request of and for the benefit of the members of that class." In support, the Ranch cites what the district court called an excerpted portion of the minutes of the 1948 Special Subcommittee of Colorado and Wyoming Compact representatives. If private parties cannot enforce those rights, the Ranch maintains, the "states are free to ignore those commitments when they determine it is politically expedient to do so." The Ranch is denied that argument by *City of Las Cruces.*

**AFFIRMED**.


ENTERED FOR THE COURT


John C. Porfilio
Senior Circuit Judge

- 6 -